PER CURIAM.
This is a timely appeal from an order of a deputy commissioner finding appellant’s neck injury was not a result of her industrial accident. Appellant argues that the logical cause doctrine and the presumption of Florida Statutes § 440.26 require a finding of a causal connection between the industrial accident and appellant’s neck injury. Appellant argues it was error for the deputy commissioner to hold otherwise.
Appellant, a certified licensed practical nurse, felt a sudden popping sensation in her right knee as she got up from her desk at work to check on a patient. Appellant reported the incident to the night supervisor, complaining that pain from the knee radiated up her right side. At the end of her work shift, appellant went to the emergency room of the hospital for treatment. Dr. Teperson placed her leg in a cast and instructed her to rest at home. At this first examination, appellant made no mention of the pain in her neck. After a couple of days at home, appellant developed neck pain which grew progressively worse until appellant was hospitalized and underwent cervical disc surgery.
In the compensation order, the deputy commissioner states that he arrived at his conclusion that the neck injury was not causally related to the industrial accident by considering the testimony of Dr. Teper-son and the discrepancy which he found in appellant’s testimony. The deputy noted that at appellant’s deposition, taken on September 12, 1979, appellant described the pain as being limited to her leg and foot with some radiation as high as her side. At the hearing, appellant testified that her neck pain began a couple of days after the accident. The deputy apparently considered this a significant discrepancy in appellant’s testimony as to the initial onset of cervical pain.
Our review of the record on appeal shows that the deputy commissioner has made a mistake in fact regarding the existence of a discrepancy in appellant’s testimony as to the onset of cervical pain. At the deposition of September 12, 1979, appellant testified on cross-examination, that her neck pain began a couple of days after the accident. This testimony is consistent with the testimony given by appellant at the hearing. Since the deputy commissioner based his order, at least in part, on what he believed to be a discrepancy in appellant’s *1026 testimony, and since it appears from the record on appeal that the discrepancy does not in fact exist, we remand this case to the deputy commissioner for reconsideration of the issue.
REVERSED and REMANDED.
LARRY G. SMITH, Jr., J., LILES, WOODIE A., Associate Judge (Ret.), and PEARSON, TILLMAN A., Associate Judge (Ret.), concur.